**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3078-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ABDUL WARD, a/k/a JOHN
COOK and ABDUL H. WARD,

    Defendant-Appellant.

_____

Submitted January 24, 2022 – Decided August 4, 2022

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 14-08-0694 and 15-08-0553.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Abdul Ward appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

Apparently disgruntled by the price he was charged for illegal drugs on Berckman Street in Plainfield, defendant returned to the scene with a 9MM semi-automatic handgun and fired eight times into a group of people milling about in front of a convenience store. One of the bullets struck a thirty-four-year-old man at work inside the store, killing him. He left a wife and an eight-year-old son. Defendant fled in a car, leading police on a high-speed chase which ended with several other people hurt, two seriously.

Indicted on charges of first-degree murder and weapons offenses — as well as racketeering, conspiracy, distribution of CDS, aggravated assault, eluding and several theft offenses — defendant entered a negotiated guilty plea to aggravated manslaughter in exchange for the State's recommendation of a twenty-eight-year prison term subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of the remaining charges. He reserved the right to argue for

A-3078-19

a lesser sentence. He resolved two other indictments by pleading guilty to third-degree possession of CDS in exchange for a five-year-flat sentence to run concurrent to that imposed on the aggravated manslaughter conviction.

At sentencing, the State urged the court to find aggravating factors three, the risk defendant would commit another offense, N.J.S.A. 2C:44-1(a)(3); five, the substantial likelihood defendant is involved in organized criminal activity, N.J.S.A. 2C:44-1(a)(5); six, the extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others, N.J.S.A. 2C:44-1(a)(9), and no mitigating factors. Defense counsel argued against aggravating factor five but conceded there were facts in the record to support the remaining aggravating factors the State urged. He argued certain non-statutory mitigating factors, defendant's remorse and acceptance of responsibility for the victim's death, should result in a twenty-seven-year sentence, instead of the twenty-eight-year sentence negotiated.

Although rejecting application of aggravating factor five, the judge found aggravating factors three, six and nine and no mitigating factors. The judge concisely explained his reasoning, noting that although only "a young man, in his early to mid-twenties," defendant had "already amassed a record

3

that is shameful: He's got two prior indictables already with two parole violations. He had two juvenile adjudications for delinquency with a violation of probation, and four municipal convictions." Emphasizing defendant's "lack of success in prior diversionary programs," the judge declared defendant "a serial offender." The judge also noted defendant had "multiple prior adjudications for drug related offenses" similar to the one on which he was being sentenced, further speaking to the likelihood of re-offense.

As to aggravating factor nine, the judge found "the need for deterrence couldn't be more clear," because "[n]othing has worked so far with regard to [defendant], not [the] juvenile adjudications, not an opportunity to be on probation as a juvenile, which he flouted, and not the [punishment for] drug related offenses of lesser severity." The judge deemed "[t]his offense, this depravity, and the recklessness, and the cavalierness of [defendant's] conduct here . . . it's almost of biblical proportions, the antisocial aspects of [defendant's] conduct cries out for deterrence."

Defendant appealed his sentence, which we reviewed on a sentencing calendar, R. 2:9-11, and affirmed, only remanding to correct the judgment of conviction to conform to the court's oral pronouncement of a twenty-seven-and-a-half-year custodial term, not twenty-seven years as stated. See State v.

Abril, 444 N.J. Super. 553, 564 (App. Div. 2016). The Supreme Court denied defendant's petition for certification. State v. Ward, 236 N.J. 487 (2019).

Defendant thereafter filed a timely petition for PCR alleging his plea counsel was ineffective for failing to argue against aggravating factors three, six and nine, failing to argue in favor of mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12) (willingness to cooperate with law enforcement), as well as the non-statutory mitigating factor of defendant's youth, failing to address the disparate sentence imposed on a co-defendant and failing to argue he should be sentenced as if to a second-degree crime pursuant to N.J.S.A. 2C:44-1(f)(2), and that his appellate counsel was also ineffective for not raising these same points.

Judge Kirsch, who took defendant's plea and imposed sentence, rejected those claims following oral argument in a comprehensive oral opinion, concluding defendant had not established a prima facie case for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992). Specifically, the judge found there were "substantial and uncontestable grounds for aggravating factors three, six, and nine," and noted another judge sentencing defendant over seven years before on a third-degree drug conviction found the same aggravating factors and no mitigating ones. The judge found defendant offered no

assistance to law enforcement so as to qualify him for mitigating factor twelve, and observed that by defendant's logic, "everybody who pleads guilty should be entitled to mitigating factor twelve," which is obviously not the case.

The judge made clear defendant did not qualify for any non-statutory mitigating factor, including youth, nor for sentencing as a second-degree offender in light of his escalating, serial, antisocial acts, and that he would have rejected both claims had plea counsel argued them. The judge also found a disparity analysis was not necessary as defendant was the only one among his co-defendants charged with murder or manslaughter, making clear why his sentence was not comparable to theirs. Because none of those arguments would have aided defendant in the trial court, the judge found appellate counsel was not remiss for failing to argue them on appeal.

On this appeal, defendant reprises his arguments about the ineffectiveness of plea and appellate counsel in the following two points:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING MR.
> WARD'S PETITION FOR POST-CONVICTION
> RELIEF WITHOUT AN EVIDENTIARY HEARING
> AS TESTIMONY IS NEEDED FROM PRIOR
> COUNSEL TO EXPLAIN WHY HE FAILED TO
> RAISE MITIGATING FACTORS ON BEHALF OF
> HIS CLIENT AT SENTENCING, AND FAILED TO
> CHALLENGE AGGRAVATING FACTORS,

6

WHICH, IF HE HAD, WOULD HAVE RESULTED IN A SENTENCE A DEGREE LOWER FOR FIRST-DEGREE AGGRAVATED MANSLAUGHTER.

POINT TWO

MR. WARD'S PETITION SHOULD BE REMANDED TO THE PCR COURT AS THE PCR COURT FAILED TO DISCUSS APPELLATE COUNSEL'S FAILURE TO RAISE VARIOUS SENTENCING ISSUES ON APPEAL. (Not raised below).

Our review of the record convinces us Judge Kirsch conscientiously considered all of defendant's claims and appropriately denied him relief. We agree defendant failed to demonstrate the performance of his plea counsel or his appellate counsel was substandard or that, but for any of the alleged errors, the result would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Accordingly, we affirm, substantially for the reasons expressed in Judge Kirsch's thorough and thoughtful opinion from the bench on January 10, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3078-19